## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**LUIS MANUEL RODRIGUEZ GONZALEZ,**

        Petitioner,

v.                                    Civil Action No. **3:26CV87 (RCY)**

**JEFFREY CRAWFORD,** *et al.*,

        Respondents.

### MEMORANDUM OPINION

Petitioner, a federal detainee proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition," ECF No. 1). In his § 2241 Petition, Petitioner sought his release from immigration detention. By Memorandum Order entered on February 26, 2026, the Court conditionally filed the action. ECF No. 4.

On March 26, 2026, Respondents moved to dismiss the action as moot. ECF No. 8. Respondents noted that Petitioner was no longer in custody and had been removed from the United States on March 2, 2026. ECF No. 9-1, at 2.

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a]

federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner challenged his continued detention. The record reflects that he is no longer detained. These circumstances render the Petition moot. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted) (explaining that "[a] case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever"); *cf. Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (holding that a challenge to incarceration for a parole revocation becomes moot upon completion of revoked term of imprisonment). The Motion to Dismiss (ECF No. 8) will be GRANTED. The action will be DISMISSED AS MOOT.

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date:   April 21, 2026
Richmond, Virginia

2